UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| | |
|---|---|
| GABRIELLA BASS,<br><br>                                  Plaintiff,<br><br>  - against -<br><br>CBS BROADCASTING INC. and CBS INTERACTIVE INC.<br><br>                                  Defendant. | Docket No. 1:17-cv-06980<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

Plaintiff Gabriella Bass ("Bass" or "Plaintiff") by and through her undersigned counsel, as and for her Complaint against Defendants CBS Broadcasting Inc. ("CBS Broadcasting") and CBS Interactive Inc. ("CBS Interactive" and together with CBS Broadcasting "Defendants") hereby alleges as follows:

### NATURE OF THE ACTION

1. This is an action for copyright infringement under Section 501 of the Copyright Act and for the removal and/or alteration of copyright management information under Section 1202(b) of the Digital Millennium Copyright Act. This action arises out of Defendant's unauthorized reproduction and public display of an iconic copyrighted photograph of the fearless girl sculpture in Wall Street owned and registered by Bass, a New York based photojournalist. Accordingly, Bass seeks monetary relief under the Copyright Act of the United States, as amended, 17 U.S.C. § 101 *et seq*.

### JURISDICTION AND VENUE

2.	This claim arises under the Copyright Act, 17 U.S.C. § 101 *et seq.*, and this Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. §§ 1331 and 1338(a).

3.	This Court has personal jurisdiction over Defendant because Defendant resides in and/or transacting doing business in New York.

4.	Venue is proper in this District pursuant to 28 U.S.C. § 1391(b).

## PARTIES

5.	Bass is a professional photojournalist in the business of licensing her photographs to online, print, and television media for a fee having a usual place of business at 44 St. Nicholas Avenue, Apt. 3R, Brooklyn, New York, 11237.

6.	Upon information and belief, CBS Broadcasting is a domestic business corporation duly organized and existing under the laws of the State of New York, with a place of business at 51 West 52nd Street, New York, New York 10019, New York, New York 10019. At all times material hereto, CBS Broadcasting has produced and continues to produce the morning television program, *CBS This Morning* (the "TV Show").

7.	Upon information and belief, CBS Interactive is a foreign business corporation duly organized and existing under the laws of the State of Delaware, with a place of business at 28 East 28th Street, New York, New York 10016. At all times material hereto, CBS Interactive has owned and operated the website at the URL: www.CBSNews.com (the "Website").

## STATEMENT OF FACTS

**A.	Background and Plaintiff's Ownership of the Photograph**

8.	Bass photographed the iconic fearless girl sculpture in Wall Street (the "Photograph"). A true and correct copy of the Photograph is attached hereto as Exhibit A.

9. Bass then licensed the Photograph to the New York Post. On May 29, 2017, the New York Post ran an article that featured the Photograph entitled *Pissed-off artist adds statue of urinating dog next to 'Fearless Girl'*. Bass' name was featured in a gutter crediting identifying her as the photographer of the Photograph. A true and correct copy of the articles is attached hereto as Exhibit B.

10. Bass is the author of the Photograph and has at all times been the sole owner of all right, title and interest in and to the Photograph, including the copyright thereto.

11. The Photograph was registered with United States Copyright Office and was given Copyright Registration Number VA 2-055-082. See Exhibit C.

**B.    Defendant's Infringing Activities**

12. On or about May 30, 2017, CBS Broadcasting ran the Photograph on the TV Show. A true and correct copy of the TV Show with the Photograph is attached hereto in a screen shot and on a CD in Exhibit D.

13. On or about May 30, 2017, CBS Interactive broadcasted the TV Show on an article on the Website. See https://www.cbsnews.com/videos/n-y-artist-briefly-places-urinating-dog-statue-near-fearless-girl/. A true and correct copy of the article with the Photograph is attached hereto in a screen shot and on a CD in Exhibit E.

14. Defendants did not license the Photograph from Plaintiff for its TV Show or Website, nor did Defendants have Plaintiff's permission or consent to publish the Photograph on its TV Show or Website.

**FIRST CLAIM FOR RELIEF**
**(COPYRIGHT INFRINGEMENT AGAINST DEFENDANTS)**
**(17 U.S.C. §§ 106, 501)**

15. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-14 above.

16. Defendants infringed Plaintiff's copyright in the Photograph by reproducing and publicly displaying the Photograph on the TV Show and Website. Defendants are not, and have never been, licensed or otherwise authorized to reproduce, publically display, distribute and/or use the Photograph.

17. The acts of Defendants complained of herein constitute infringement of Plaintiff's copyright and exclusive rights under copyright in violation of Sections 106 and 501 of the Copyright Act, 17 U.S.C. §§ 106 and 501.

18. Upon information and belief, the foregoing acts of infringement by Defendants have been willful, intentional, and purposeful, in disregard of and indifference to Plaintiff's rights.

19. As a direct and proximate cause of the infringement by the Defendants of Plaintiff's copyright and exclusive rights under copyright, Plaintiff is entitled to damages and Defendants profits pursuant to 17 U.S.C. § 504(b) for the infringement.

20. Alternatively, Plaintiff is entitled to statutory damages up to $150,000 per work infringed for Defendants willful infringement of the Photograph, pursuant to 17 U.S.C. § 504(c).

21. Plaintiff further is entitled to her attorney's fees and full costs pursuant to 17 U.S.C. § 505.

**SECOND CLAIM FOR RELIEF**
**INTEGRITY OF COPYRIGHT MANAGEMENT INFORMATION AGAINST DEFENDANTS**
**(17 U.S.C. § 1202)**

22. Plaintiff incorporates by reference each and every allegation contained in Paragraphs 1-21 above.

23. When the Photograph was published in the article in the New York Post, the photograph contained Plaintiff's gutter credit which is considered copyright management information protected under 17 U.S.C. § 1202 (b).

24. Upon information and belief, Defendants copied the Photograph from the New York Post and cropped out the gutter credit naming Plaintiff as the Photographer of the Photograph.

25. Upon information and belief, Defendants intentionally and knowingly removed copyright management information identifying Plaintiff as the photographer of the Photograph.

26. The conduct of Defendants violates 17 U.S.C. § 1202(b).

27. Upon information and belief, Defendants falsification, removal and/or alteration of the aforementioned copyright management information was made without the knowledge or consent of Plaintiff.

28. Upon information and belief, the falsification, alteration and/or removal of said copyright management information was made by Defendants intentionally, knowingly and with the intent to induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph. Defendants also knew, or should have known, that such falsification, alteration and/or removal of said copyright management information would induce, enable, facilitate, or conceal their infringement of Plaintiff's copyrights in the Photograph.

29. As a result of the wrongful conduct of Defendants as alleged herein, Plaintiff is entitled to recover from Defendants the damages, that she sustained and will sustain, and any

gains, profits and advantages obtained by Defendants because of their violations of 17 U.S.C. § 1202, including attorney's fees and costs.

30. Alternatively, Plaintiff may elect to recover from Defendants statutory damages pursuant to 17 U.S.C. § 1203(c) (3) in a sum of at least $2,500 up to $25,000 for each violation of 17 U.S.C. § 1202.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff respectfully requests judgment as follows:

1. That Defendant Defendants be adjudged to have infringed upon Plaintiff's copyrights in the Photograph in violation of 17 U.S.C §§ 106 and 501;

2. The Defendant Defendants be adjudged to have falsified, removed and/or altered copyright management information in violation of 17 U.S.C. § 1202.

3. That with respect to the first claim, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's infringement of Plaintiff's Photograph; or b) alternatively, statutory damages of up to $150,000 per copyrighted work infringed pursuant to 17 U.S.C. § 504;

4. That, with regard to the Second Claim for Relief, Plaintiff be awarded either: a) Plaintiff's actual damages and Defendant's profits, gains or advantages of any kind attributable to Defendant's falsification, removal and/or alteration of copyright management information; or b) alternatively, statutory damages of at least $2,500 and up to $ 25,000 for each instance of false copyright management information and/or removal or alteration of copyright management information committed by Defendant pursuant to 17 U.S.C. § 1203(c);

5.   That Defendant be required to account for all profits, income, receipts, or other benefits derived by Defendant as a result of its unlawful conduct;

6.   That Plaintiff be awarded her costs, expenses and attorneys' fees pursuant to 17 U.S.C. § 505;

7.   That Plaintiff be awarded pre-judgment interest; and

8.   Such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby demands a trial by jury on all issues so triable in accordance with Federal Rule of Civil Procedure 38(b).

Dated: Valley Stream, New York
       September 13, 2017

                                            LIEBOWITZ LAW FIRM, PLLC

                                            By: /s/Richard Liebowitz
                                                 Richard P. Liebowitz
                                            11 Sunrise Plaza, Suite 305
                                            Valley Stream, NY 11580
                                            Tel: (516) 233-1660
                                            RL@LiebowitzLawFirm.com

                                            *Attorneys for Plaintiff Gabriella Bass*